UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES EARL FARLEY, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:22-cv-00218 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is James Earl Farley Jr.'s ("Farley") Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1), in which he claims his conviction under 21 U.S.C. § 846 must be set aside due to ineffective assistance of counsel. Appointed counsel filed a Supplement to Farley's § 2255 Motion (Doc. No. 9) (collectively, the "Petition"), alleging Farley's guilty plea was not knowing and voluntary; he was incompetent to enter a guilty plea; his counsel was ineffective; and equitable tolling applies to the Petition. The Government filed a response only as to Farley's invocation of equitable tolling (Doc. No. 11), which Farley replied to. (Doc. No. 12). For the following reasons, the Court finds equitable tolling unwarranted and will deny the Petition as untimely.[1]

### I. BACKGROUND

On April 25, 2013, Farley pled guilty to Conspiracy to Distribute and to Possess With Intent to Distribute Controlled Substances, Including 500 Grams or More of Cocaine and 280 Grams or More of Crack Cocaine, in violation of 21 U.S.C. § 846. (Case No. 3:11-cr-00012-25,

---

[1] The Court's opinion references documents from both the instant action and Farley's criminal case, Case No. 3:11-cr-00012-25. Unless specified otherwise, the docket entry citations refer to this action.

Doc. No. 1409 at 1–2, Doc. No. 1668 at 3–4). On July 19, 2013, former Judge Kevin H. Sharp sentenced Farley to 264 months imprisonment, to run concurrent with Farley's state sentence for his then-pending charges in the Stewart County Circuit Court in Dover, Tennessee (Case No. 2010-CR-2285). (Case No. 3:11-cr-00012-25, Doc. No. 1789 at 2). At the sentencing hearing, Judge Sharp advised Farley of his appeal rights, stating:

> You have the right to appeal your conviction if you believe your guilty plea was somehow unlawful or involuntary or there was some other fundamental defect in the proceeding that you didn't waive by your plea agreement.
>
> Under some circumstances, you have the right to appeal the sentence, particularly if you think the sentence was contrary to law. However, you may have waived your rights to appeal as part of the plea agreement. And you entered into a plea agreement that waives some of those rights. Those are generally enforceable, but if you think you have a -- somehow the waivers are not valid, you can present those to the court of appeals.
>
> If you choose to appeal, you have the right to file for leave to file in forma pauperis. The clerk will help you prepare and file your notice.

(Case No. 3:11-cr-00012-25, Doc. No. 3325 at 11:9–22). Judge Sharp entered the judgment on August 26, 2013. (Case No. 3:11-cr-00012-25, Doc. No. 1789). Farley did not appeal.

On March 29, 2022, more than eight years after his sentencing, Farley filed his § 2255 motion. (Doc. No. 1). He was assigned counsel (Doc. Nos. 7, 8) and filed a supplemental § 2255 motion on August 4, 2023 (Doc. No. 9).

## II.  LEGAL STANDARD

Section 2255 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution, among other things, "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the petitioner must demonstrate constitutional error that had a "substantial and injurious effect or influence on the guilty plea or

the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

Motions brought under § 2255 must be timely. A one-year statute of limitations period runs from the latest of several triggering dates, including, as relevant here, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004). The appeal period is generally 14 days. Fed. R. App. P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.").

### III.  ANALYSIS

Farley does not dispute that the Petition is late. The Court entered its judgment on Farley's criminal case on August 26, 2013. (Doc. No. 1789 at 1). Farley did not file an appeal, finalizing the Court's judgment when the 14-day period to appeal passed. See Sanchez-Castellano, 358 F.3d at 427; Fed. R. App. P. 4(b)(1). Farley's opportunity to appeal the judgment expired on September 9, 2013, requiring Farley to file his Petition by September 9, 2014. 28 U.S.C. § 2255(f)(1); see United States v. Young, 188 F.3d 510 (6th Cir. 1999) (table) ("The final judgment in a criminal case is the imposition of sentence, and any appeal is postponed until the entry of that judgment.").

3

Farley did not file the Petition until March 23, 2022, more than seven years after his deadline to do so expired (Doc. No. 1 at 17).² See 28 U.S.C. § 2255(f)(1). Given Farley's untimely filing, the Government properly raises a statute of limitations defense. McSwain v. Davis, 287 F. App'x 450, 456 (6th Cir. 2008) (the Government carries the "initial burden of raising the statute of limitations defense"). Accordingly, the burden shifts to Farley to persuade the Court that he is entitled to equitable tolling on the filing of the Petition. Id. (citing McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003) and Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002)).

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances *beyond that litigant's control.*'" Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (emphasis added) (quoting Graham–Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560–61 (6th Cir. 2000)). Farley "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). To determine whether Farley has carried his burden, the Court must evaluate whether "the factual allegations are sufficient to support equitable tolling and [must] review the [] court record in order to establish whether [Farley's] assertions are refuted by the record or otherwise without merit." Ata v. Scutt,

---

² The Court considers the date of the Petition to be the date it was originally filed in the state prison's mailing system (Doc. No. 1 at 17). Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (applying Houston v. Lack, 487 U.S. 270–72 (1988) prison mailbox rule in determining that the applicable day of prisoner's filing of a § 2255 motion is the day prison signed motion and delivered it to prison mailroom personnel)).

4

662 F.3d 736, 742 (6th Cir. 2011). Ultimately, equitable tolling is bestowed "sparingly" and is a "fact-intensive inquiry best left to the district courts." Robertson, 624 F.3d at 783–84.

        1. <u>No Extraordinary Circumstances Warrant Tolling.</u>

Farley contends both Pace factors are satisfied here such that equitable tolling on the time to file the Petition is warranted. See Pace, 544 U.S. at 418. Because Farley contends that his diligence in pursuing his rights "cannot be assessed without first assessing Farley's [mental] condition," the Court will start with the extraordinary circumstances factor. (Doc. No. 9 at 5; Doc. No. 12 at 3). Farley argues that equitable tolling should apply to save his time-barred motion because his "illiteracy and mental retardation— combined with the state prison's absence of legal support for someone with [Farley's] disabilities—amounted to an extraordinary circumstance standing in his way to filing a timely § 2255 motion." (Doc. No. 9 at 5–7; see Doc. No. 12 at 2–4). The Government disagrees, contending the record shows Farley is competent despite his mental retardation, and his struggles within the state prison system and illiteracy do not amount to extraordinary circumstances warranting tolling. (Doc. No. 11 at 4–11).

As an initial matter, Farley's argument that his illiteracy is an extraordinary circumstance warranting tolling is without merit. Specifically, Farley contends that his illiteracy prevented him from getting information about § 2255 motions, as he can only "get information [] through spoken word" and that he "could not read written materials to tell him the law[.]" (Doc. No. 12 at 2). True, the record affirms that Farley is illiterate. (See Doc. No. 9-1; Case No. 3:11-cr-00012, Doc No. 3347 at 3:3–10 (Farley's counsel informing the Court at Farley's plea hearing that Farley cannot read, and so counsel reads all pertinent documents to him), 7:14–15 (Farley informing the Court that he cannot read or write)). However, Mr. Farley's illiteracy does not excuse his late filing. The Sixth Circuit has instructed that even non-English speakers are not given equitable tolling on illiteracy grounds when they have assistance from individuals that can

5

Case 3:22-cv-00218   Document 14   Filed 02/28/25   Page 5 of 11 PageID #: 94

translate. See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, [and] even his illiteracy does not give a court reason to toll the statute of limitations" where there is a translator to assist the petitioner) (internal citations omitted). Farley's allegation that his illiteracy prevented him from timely filing is negated by his admissions that jailhouse lawyers and other inmates assisted him with reading and writing filings for the Court (Doc. No. 9-1). See Cobas, 306 F.3d at 444. Farley's illiteracy argument is further undermined by his failure to "allege a single occasion throughout all those years on which he *requested*" reading or writing services while incarcerated. Dorantes v. Genovese, 2019 WL 6524888, at *3 (M.D. Tenn. Dec. 3, 2019) (following Cobas in denying equitable tolling on illiteracy grounds). These facts, taken together, doom Farley's assertion that his illiteracy warrants tolling. See id.

Still, Farley's mental retardation could qualify as an extraordinary circumstance that stood in the way of timely filing the Petition. Ata, 662 F.3d at 742. "[T]o obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." Id. Farley has not demonstrated either element here. The Court starts with the first prong, whether Farley is "mentally incompetent." Id. As the Government emphasizes, the record is replete with evidence that Judge Sharp considered, and affirmed, Farley's competency prior to him pleading guilty. (Case No. 3:11-cr-00012-25, Doc. No. 3347). At Farley's plea hearing, both the Government and Farley's counsel stated there was nothing that came to their attention to suggest that Farley was not competent to plead guilty. (Id. at 39:9–24, 40:3–15). Judge Sharp agreed, stating:

> I think cognitively -- I mean, there are some educational issues. There's clearly some learning disabilities that have caused a problem with reading and writing; but, cognitively, Mr. Farley is there. He understands what's going on.

(Id. at 40:17–21). Given this, Judge Sharp found Farley "fully competent and capable of entering an informed plea." (Id. at 40:23–24). While the parties agree that the Presentence Investigation Report ("PSR") reflects that Farley suffers from mild mental retardation (Doc. Nos. 9 at 6, 11 at 8), there is nothing in the record on whether Farley's condition worsened such that he became incompetent after his plea hearing, or whether his mental retardation caused him to file the Petition late. Ata, 662 F.3d at 742 ("In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations."). Tellingly, Farley's Declaration is silent on both of these points, so there is no factual basis for an evidentiary hearing. (Doc. No. 9-1). Without this evidence, Farley's assertion that his mental retardation is an extraordinary circumstance that prevented him from timely filing the Petition is hollow.[3] Ata, 662 F.3d at 742; see Pinchon v. Myers, 615 F.3d 631, 641 (6th Cir. 2010) (affirming district court's ruling that equitable tolling did not apply to petitioner with mental retardation where it relied on "the state courts' determination that the petitioner's mild mental retardation did not render him unable to manage his court filings or participate in the state-court proceedings").

Given Farley cannot establish his mental retardation caused his untimely filing, his argument on lack of legal support also fails, as "'ignorance of the law alone is not sufficient to warrant equitable tolling.'" Allen v. Yunkins, 366 F.3d 396, 403 (6th Cir. 2004) (quoting Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991)). Farley states in his Declaration that his lawyer did

---

[3] To the extent Farley argues that his conditions that are akin to aphasia caused his late filing, this argument also fails. (Doc. No. 9 at 5). Farley cannot point to, and the Court cannot find, any evidence in the record indicating he has aphasia, making his invocation of an unrelated disability meritless. Ata, 662 F.3d at 742. In any event, Farley bases this comparison on his illiteracy, a circumstance the Court has already determined does not warrant tolling.

7

Case 3:22-cv-00218 Document 14 Filed 02/28/25 Page 7 of 11 PageID #: 96

not "tell [him] about any way to later attack [his] federal conviction or sentence if [he] thought [his lawyer] had done a bad job, and [his lawyer] did not tell [him] about any deadlines for doing that." (Doc. No. 9-1 ¶ 5). Although egregious cases of attorney misconduct may constitute extraordinary circumstances warranting equitable tolling, Holland, 560 U.S. at 651–52, this allegation alone is not enough to demonstrate "egregious" attorney misconduct such that equitable tolling applies, particularly considering Judge Sharp informed Farley of his right to appeal at his sentencing hearing. Farley further asserts that the jailhouse lawyers he relied upon in state custody did not know about § 2255 deadlines. (Doc. No. 12 at 2; see Doc. No. 9-1 ¶¶ 4, 6). These allegations, taken together, amount to an assertion that he was not knowledgeable about the law. Sixth Circuit authority is clear that this, without more, is insufficient to toll the statute of limitations period. Keeling v. Warden, Lebanon Correctional Inst., 673 F.3d 452, 464 (6th Cir. 2012) ("*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse [] late filing"); see also Allen, 366 F.3d at 403; Rose, 945 F.2d at 1335.

Ultimately, Farley fails to demonstrate that his lack of legal knowledge, illiteracy, or mental retardation are extraordinary circumstances that prevented him from timely filing the Petition. Accordingly, the record is clear that there were no extraordinary circumstances that warrant the nearly eight years of equitable tolling Farley seeks here. See Keeling, 673 F.3d at 464; Pinchon, 615 F.3d at 641; Cobas, 306 F.3d at 444.

2. Farley Did Not Diligently Pursue His Rights.

Farley's failure to satisfy the second Pace factor moots his diligence arguments. See Pace, 544 U.S. at 418 (petitioners must satisfy both factors to receive equitable tolling). Nevertheless, the Court finds Farley's arguments on the first Pace factor no more successful. Farley contends that he has been diligent in pursuing his rights, as he has repeatedly filed letters and motions with the Court from 2015 to the present. (Doc. No. 9 at 7). The Government argues that these filings

do not demonstrate diligence, given it was not until 2019 that Farley "raised any issue regarding ineffective assistance of counsel," the basis he files the Petition under. (Doc. No. 11 at 4). Here, the Court agrees with the Government that Farley has failed to establish that he diligently pursued his rights during the period he requests equitable tolling.

The record demonstrates that Farley did not diligently pursue his rights. While Farley contends that his filing of various letters and motions demonstrates diligence, he fails to appreciate that the first correspondence he filed with the Court was nearly two years after his judgment became final, and almost a year after the § 2255 filing deadline passed. (Case No. 3:11-cr-00012-25, Doc. No. 2627 (Farley's August 17, 2015 letter to the Court requesting he be reassigned to the Bureau of Prisons ("BOP")). This letter, along with Farley's next four filings from November 2015 to February 2016, all relate to the same BOP reassignment request. (Case No. 3:11-cr-00012-25, Doc. No. 2707 (motion to compel the United States Marshall to move Farley to a federal facility), Doc. No. 2736 (motion for permission to amend motion to compel), Doc. No. 2737 (motion for status regarding the motion to compel), Doc. No. 2745 (letter requesting Farley be returned to the BOP)). It was not until March 16, 2019, more than *four* years after his deadline to file a § 2255 motion had passed, that Farley finally raised the issue of ineffective assistance of counsel with the Court. (Case No. 3:11-cr-00012-25, Doc. No. 2973). Despite Judge Sharp's April 1, 2019 instruction that Farley assert his ineffective assistance of counsel claims in a proper motion, he failed to do so until filing the Petition nearly three years later.[4] (Case No. 3:11-cr-00012-25, Doc. No. 2973; see Doc. No. 1).

---

[4] Farley argues that, because he cannot read, "it is unknown what he ever understood from this Order[.]" (Doc. No. 12 at 3–4). While immaterial to this Court's determination, it notes that Farley fails to explain what he understood Judge Sharp's order to mean and whether he asked anyone to read it to him.

As the Court has already explained, Farley's mental retardation, lack of legal knowledge, and illiteracy provide no justification for this extreme delay in raising the issues Farley alleges in the Petition. See supra, Section III.1. At bottom, Farley's more than seven-year delay in filing the Petition, and more than four-year delay in raising ineffective assistance of counsel issues, demonstrates he was not diligent in pursuing his rights during the period he seeks equitable tolling. See McQuiggin v. Perkins, 569 U.S. 383, 391 (2013) (six-year delay in "seek[ing] federal postconviction relief" fell short of demonstrating diligence); Telink Inc. v. United States, 24 F.3d 42, 48 (9th Cir. 1994) (five-year delay is unreasonable). Accordingly, Farley cannot satisfy the first Pace factor required for equitable tolling to apply. See Pace, 544 U.S. at 418.

3. No Evidentiary Hearing is Necessary.

Farley requests a hearing on his competency and diligence in pursuing his rights. (Doc. No. 12 at 4). The Court is required to hold a hearing where the petitioner raises a factual dispute underlying his claims. See Martin v. United States, 889 F.3d 827, 832 (6th Cir. 2018). Here, Farley has failed to present any evidence that creates a factual dispute on either prong of the Pace equitable tolling test. Because the record demonstrates that Farley has not raised "sufficiently specific allegations [that] would entitle [him] to equitable tolling," a hearing on the issues of Farley's competency and diligence in pursuing relief is unnecessary. Ata, 662 F.3d at 742, 742 n.6.

4. Certificate of Appealability.

Finally, a Certificate of Appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Where, as here, the denial of a petition is based on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

10

find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because "jurists of reason would [not] find it debatable whether" this Court is correct in its procedural ruling that equitable tolling does not apply to the Petition, a COA will not issue. Id.

## IV. CONCLUSION

For the foregoing reasons, Farley's Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1) and Supplemental Motion (Doc. No. 9) will be denied. Further, a COA will not issue. Slack, 529 U.S. at 484.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE